[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 25 July 1994 DATE OF APPLICATION: 26 July 1994 DATE APPLICATION FILED: 2 August 1994 DATE OF DECISION: 28 March 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket #CR93 443662, CR94 80924.
Kenneth Simon, Esq., for the Petitioner. CT Page 4613
Herman Woodard, Esq., for the State of Connecticut.
BY THE DIVISION
The petitioner pled guilty to one count of Assault First Degree in violation of Conn. Gen. Stat. § 53a-59(a)(1), one count of Attempted Assault First Degree in violation of Conn. Gen. Stat. § 53a-59(a)(1); 53-49, and one count of Risk of Injury to a Minor in violation of Conn. Gen. Stat. § 53-21. The court sentenced the petitioner to 20 years on the Assault First count, 5 years on the Attempted Assault First count, and 7 years, execution suspended on the Risk of Injury count.
The second count was concurrent with the first count and the third count consecutive with the first count for a total effective sentence of 27 years, execution suspended after 20 years with five years probation.
The record shows that the petitioner shot his ex-wife nine times in the assault count. In the second count, the petitioner exited his vehicle with a gun in his hand and went over to a vehicle occupied by his ex-wife, her friend and his son. Brandishing a gun, the petitioner smashed out the headlight of the car, grabbed his ex-wife and his son and brought them to his car.
Counsel for the petitioner claimed that the sentence imposed by the court was excessive. He, the petitioner, still receives visits from his ex-wife which indicates that there is still a relationship between the parties. The attorney felt the court placed too much emphasis on the petitioner's criminal history, and his prior victimization of the victim. It was argued that the court failed to give proper weight to the petitioner's prior work history and that this panel should lower the sentence.
The petitioner when he addressed the panel admitted he used "bad judgment" that was out of character for him. He noted he had great remorse for his actions and asked this CT Page 4614 panel for mercy.
The attorney for the state pointed out to the panel that the petitioner really wanted to kill the victim and that the assault happened in front of a child. The state urged the panel not to lower the sentence imposed and requested that the sentence be increased.
In reviewing the sentence in accordance with P.B. 942, this panel finds that the sentence is neither disproportionate nor inappropriate. Taking into consideration the petitioner's criminal history and the seriousness of the nature and level of violence involved, this panel finds the sentence to be appropriate.
THE SENTENCE IS AFFIRMED.
Norko, J. Purtill, J. Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.